UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL-TONY VELEZ,

                Plaintiff,

-against-

C. PAREDEZ, ET AL.,

                Defendants.

22-CV-2399 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Named as Defendants are Parole Officer C. Paredez; Shawangunk Correctional Facility Superintendent Collado; Clinton Correctional Facility Registered Nurse S. Devlin-Varin and two John/Jane Doe nurses at Clinton; Clinton Correctional Facility Doctor Bodrigo and several John/Jane Doe medical staff at Clinton; Dr. Morley; Clinton Correctional Facility Inmate Grievance Resolution (IGRC) Committee Supervisor C. Gregory; IGRC Director Mallozzi, who is located in Albany; the New York State Board of Parole and its Commissioners; and "Manhattan II, III, IV John and Jane Doe." By order dated March 29, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis* (IFP). For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Although the complaint is not a model of clarity, Plaintiff appears to bring this action regarding his placement in "Special Housing Long Term Keep Lock" (SHU) at Clinton Correction Facility for his alleged refusal to take a tuberculosis test. (ECF 2, at 6.) He challenges his placement in SHU and the conditions of his confinement, maintains that he was deprived of a parole hearing because of his placement in SHU, and seeks, among other relief, an injunction removing him from SHU and granting him a parole hearing. Because Plaintiff does not allege that a substantial part of the events or omissions giving rise to his claims occurred in this District, venue is improper in this District under Section 1391(b)(2). A substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Clinton Correction Facility, which is located in in the Northern District of New York. Venue is therefore proper in the Northern District of New York under Section 1391(b)(2).

Plaintiff lists addresses for Defendants in Clinton, Albany, Orange, and New York Counties. Because Plaintiff alleges that all Defendants are residents of New York and at least one Defendant resides in this District and in the Northern District of New York, venue under Section 1391(b)(1) appears to be proper in this District and in the Northern District of New York.

While this Court may be a proper venue under Section 1391(b)(1), it is clear that the Untied States District Court for the Northern District of New York is a proper venue for this action under Section 1391(b)(1) and Section 1391(b)(2).

Even though venue may be proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Clinton County, New York, where Plaintiff is incarcerated, where evidence and witnesses are likely located, and where many of the Defendants appear to reside. Clinton County is located within the Northern District of New York.[1] *See* 28 U.S.C. § 112(a). Venue is therefore proper in the Northern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 12, 2022
        New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

---

[1] Plaintiff also provides Albany County, New York, addresses for multiple Defendants. Albany County is also located in the Northern District of New York. *See* 28 U.S.C. § 112(a).