UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL-TONY VELEZ,

Plaintiff,

-against-

C. PAREDEZ, ET AL.,

Defendants.

22-CV-2399 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On April 12, 2022, the Court transferred the matter to the United States District Court for the Northern District of New York. (ECF 5.) On July 5, 2022, the Court received from Plaintiff a letter requesting that the Court reconsider its April 12, 2022, order. (ECF 6.) Because this Court no longer has jurisdiction of the action, Plaintiff must make any motion challenging the transfer order in the Norther District of New York. All other requests must also be made in the Northern District of New York.

**DISCUSSION**

The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

The Court directed that this matter be transferred to the Northern District of New York on April 12, 2022, and the Clerk of Court electronically transferred the case to the Northern District of New York on the same date. On April 20, 2022, the Court received an email notification from

the Northern District of New York acknowledging receipt of the case and its assignment of

docket number 9:22-CV-0362. On July 5, 2022, more than two months later, Plaintiff filed his

letter seeking reconsideration. Because this Court no longer has jurisdiction of the action, if

Plaintiff wishes to challenge the transfer, he must do so in the Northern District of New York.

Any other relief that Plaintiff seeks must also be requested in the Northern District of New York.

The Court denies Plaintiff's request for reconsideration of the order transferring this action.

## CONCLUSION

Plaintiff's request for reconsideration (ECF 5) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are

directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other

documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why

Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 5, 2022
      New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                Chief United States District Judge